## MESERVE vs. DYER.

The party against whom a trespass has been committed, does not thereby become a creditor of the trespasser ; nor is he on that account entitled to impeach a conveyance on the ground of fraud, unless the conveyance is subsequent to the rendition of judgment in an action for the trespass.

IN trespass *quare clausum fregit*, the defendant justified as the aid of a deputy sheriff who levied an execution upon the land as the estate of one *Jacobs* ; the defendant being the judgment creditor.    The plaintiff replied that it was his own soil and freehold, traversing the title of *Jacobs* ; on which issue was joined.

The plaintiff's title was by deed from *Jacobs*, dated *June* 11, and recorded *June* 25, 1824.

The defendant's judgment against *Jacobs* was rendered *July* 17, 1824, in an action of trespass *quare clausum fregit*, alleged in the writ to have been committed in *April* preceding; and the proceedings under this judgment, in setting off the land, were in the forms prescribed by law.

At the trial, before the Chief Justice, the defendant offered further to prove that the trespass alleged in this writ against *Jacobs* was in fact committed in *April* 1824 ; and that the deed from *Jacobs* to the plaintiff was made without any valuable consideration paid by the plaintiff; and was fraudulent and void, against the defendant. But this evidence the Chief Justice refused to admit, on the ground that the defendant did not become a creditor of *Jacobs* till the recovery of his judgment ; which being subsequent to the plaintiff's deed, he was therefore not entitled to impeach that conveyance. To which the defendant filed exceptions.

*Appleton*, in support of the exceptions, read an argument to this effect.—The first inquiry is whether the present defendant was a creditor of the grantor of the plaintiff at the time of the conveyance. And upon general principles it would seem that he was ; because he had a demand against the grantor, which, both by law and in equity, ought to be paid. The uncertainty of its amount forms no objection ; for this would apply equally to all cases of goods sold without an agreed price.

It is well settled that a debtor shall not be permitted to convey his property with the fraudulent intent to cheat his creditor. But if this rule is introduced for the protection of those whose debtor he has become by contract ; why is it not applicable, and with stronger reason, to one whose property he has obtained, or destroyed, by wrong ? Why not extend its benefits to the man he has injured, as well as to him he has not ?

If the trespasser in this case had given his promissory note for the value of the trespass, it would have been given upon a sufficient consideration ; and the conveyance would have been fraudulent as to *Dyer*. Upon what principle, then, shall he be in a worse situation, after having by process of law obtained judgment for the same amount ? It is admitted that after judgment, the party prevailing is a creditor. But is he more so than before ? Is the relative situation of the parties changed by the judgment ? If the judgment is right, it is because it is founded in a precedent obligation of the defendant to the plaintiff, to pay money ; and it is only in such an obligation that the relation of debtor and creditor is founded.

Again, in all cases of goods tortiously taken or detained, the owner may waive the tort, and proceed in assumpsit against the wrong doer, charging him on an implied promise to pay the value of the property taken. Now if a trespasser is not to be considered as a debtor, so far at least as to be restrained from conveying his estate to defraud the party injured; then it will depend upon the election of the mode of remedy whether the plaintiff shall be cheated or not. In the one case he will be regarded as a creditor from the time his goods were taken; but in the other not till judgment is obtained for the taking; and his right to impeach a fraudulent conveyance will turn wholly on the language in which he sought a remedy for the wrong he has suffered.

But the case of the defendant is within the *Stat.* 13. *Eliz. ch.* 5, which has been adopted here; giving it a liberal construction, to answer its beneficial purposes, as in *Cadogan v. Kennett Cowp.* 426. 1 *Dane* 625. By this statute all conveyances made to defraud creditors and others of their debts, damages, penalties, forfeitures, mortuaries, heriots, &c. are declared void. And like cases, " in semblable mischief," shall be taken to be within the remedy of this act. *Co. Lit.* 290 *b.* It extends not only to creditors, but to all others who have any cause of action, penalty or forfeiture. 1 *Fonbl.* 279. 3 *Co.* 82 *a.* *Cro. Eliz.* 233. And the judgment when recovered, has such relation back to the time when the cause of action accrued, as to avoid all conveyances fraudulently made to prevent its execution. 8 *Cranch* 416. Though in cases of forfeiture nothing vests in the government till the adoption of legal measures against the offender; yet the doctrine of relation is then carried back to the time of the commission of the offence. *United States v. Grundy* 3 *Cranch* 350. The same principle is applied to the case of an informer. *Roberts v. Witherall* 5 *Mod.* 193. 3 *Cranch* 362, 365. None but *bona fide* purchasers are protected by the common law; *Staund. P. C.* 193; nor even these, in cases of attainder, where the purchase was after the offence committed. 2 *Bac. Abr.* 582. *Hale's P. C.* 29. *Plowd.* 260. So of a sale after robbery committed, and before conviction. *Skin.* 357. So in case of heriots, the lord's title is not defeated by a sale made for that purpose by the ten-

Meserve v. Dyer.

ant, though his title does not accrue till the tenant's death. Now the analogy between these cases and judgments resulting from trespasses is strong, and the same rules of law should govern in both cases.

But admitting *Dyer* to be no creditor till he obtained judgment, yet if the conveyance to the plaintiff was made without consideration, or with intent to defraud *subsequent* creditors, it is void as against them. All conveyances without consideration, except family settlements, may be avoided by subsequent purchasers. *Roberts on Fraud. Conv.* 12, 19. 459;—and if any mark of collusion, fraud, or intent to deceive subsequent creditors appears, such conveyances are void. *Townsend v. Windham 2 Ves.* 10. 1 *Fonbl. Eq.* 272. *Twine's case 3 Co.* 80. Present indebtedness of the grantor is a badge of fraud in a voluntary conveyance ; and so is a view to future indebtedness. *2 Atk.* 481. The word " others" after " creditors," in the statute of 13 *Eliz. cap.* 5, was interpreted by *Ld. Hardwicke* to include subsequent creditors. 2 *Atk.* 600. *Stiles v. Atto. Gen.* 2 *Atk.* 152. *Partridge v. Gopp Ambl.* 596. And wherever an intent appears to make provision for other persons at the expense of creditors, the law interposes to defeat it. *Assignees of Gardiner v. Skinner 2 Sch. & Lefr.* 227. *Mountfort v. Ranie Keb.* 499. *Roberts Fr. Conv.* 573. 3 *Co.* 83. In *Connecticut* a case occurred in which a voluntary conveyance was made, with intent to defeat the judgment which might be recovered in an action of trespass *vi et armis*, then pending. The cause of action arose before the making of the deed ; but the judgment was recovered after. Yet the conveyance was held void ; because otherwise a man may do another the greatest possible mischief, and then, by a fraudulent conveyance, defeat his right to obtain satisfaction out of his estate. 1 *Con. Rep.* 195. The same principles are recognized in New-York. *Jackson v. Myers* 18 *Johns.* 425. And in Massachusetts the doctrine has been applied to a case where one, about to be prosecuted under the bastardy act, made a conveyance with intent to defraud the prosecutrix of the benefit of her judgment of filiation, should any be obtained. *Damon v. Bryant 2 Pick.* 414.—See also the cases of *Russell v. Hammond 2 Atk.* 13. *Doe v. Routledge Cowp.* 711.

*Peat v. Powell Ambl.* 387. *Marcy v. Clark* 17 *Mass.* 330. *Bay-ard v. Hoffman* 4 *Johns. Ch. R.* 450. *Goodwin v. Hubbard* 15 *Mass.* 210. 1 *Dane* 669 and cases there cited. Upon authority, therefore, as well as upon principle, *Dyer* was entitled to impeach the conveyance for fraud ; and, as against him, it is void.

*D. Goodenow*, for the plaintiff, relied on the position that the party impeaching a conveyance on the ground of fraud, must have been a creditor at the time it was made. To this point he cited *Parker v. Porter & al.* 9 *Mass.* 390. *Riggs v. Thatcher* 1 *Greenl.* 68. 1 *Mass.* 134. 2 *Pick.* 198. The same principle governs in conveyances merely voluntary. *Bennett v. The New-Bedford Bank* 11 *Mass.* 421.

The rule is founded in this, that where one makes a contract, he by implication pledges his body and estate for its performance. But this rule, it is manifest, can never be applied to contracts not existing at the time of the conveyance; much less, to cases of mere trespass, which die with the person, and in which the party denies all liability whatever. It is absurd to suppose him denying the obligation *in toto*, and at the same time admitting its force, but evading the performance.

But however this may be, the plaintiff is entitled to recover in this case for the taking away and destroying his crop. For the deed not being merely void, but voidable only, the crop on the ground at the termination of his estate belonged to the tenant in possession at the time ; and the taking it away by the defendant was a trespass.

After this argument, the cause being continued for advisement, the opinion of the court was delivered at the ensuing *September* term at *Wiscasset*, as follows, by

MELLEN C. J. The counsel for the defendant, to entitle his client to contest the operation of the deed from *Jacobs* to the plaintiff, by proving it a fraudulent conveyance, or in other words, to shew that *Dyer* was a creditor of *Jacobs* at the time the deed was made, read a copy of a judgment recovered by himself against *Jacobs* some time after the date of the deed, for a trespass

committed by him on *Dyer's* land some time before the deed; and having done this, he offered to prove that the deed was given without any consideration paid by *Meserve* and was fraudulent and void against *Dyer*. This evidence the Judge rejected, on the ground that *Dyer* did not become a creditor of *Jacobs* until the recovery of the judgment. On this abstract question we think the decision of the Judge was correct. Until judgment, all was contingent and uncertain; had *Jacobs* died before judgment, the right of action would have died also; and before judgment he could not have been adjudged a trustee of *Dyer*. The same remark applies to actions of slander, assault and battery, &c. *Dyer* therefore, not having been a creditor of *Jacobs* at the time of the conveyance, he could not, according to the practice as understood to have prevailed in our courts, be received to impeach it. In this respect, the decision, against which the exceptions were alleged, was conformable to such practice. We have listened with pleasure to the able arguments of the counsel ; and have since also heard another cause argued in the county of Cumberland, involving the same general question, as well as some others, connected with it; the facts in which last mentioned case were of such a nature as to present the questions and principles which the counsel have discussed, in a more ample and interesting manner. We have accordingly preferred to deliver our opinion at large in that case rather than in this; and we refer to that for all the reasoning and authorities on which our opinion in both causes is founded. The case to which we have alluded is that of *Howe v. Ward*. As the defendant in this case offered to prove that the deed from *Jacobs* to *Meserve* was made without any consideration, and was fraudulent and void, we must understand that he offered to prove all those facts which would render the conveyance void as against him, although he was not a creditor of *Jacobs* at the time, according to the provisions of the statute of 13 *Eliz. ch.* 5.

In this view of the subject the court sustain the exceptions, and the verdict is accordingly set aside and a

*New trial granted.*